UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JOHN ROLLER ) | |
| ) | |
|    *Plaintiff,* ) | |
| ) | |
| v. ) | No. 1:12-cv-262 |
| ) | *Judge Curtis L. Collier* |
| SHERIFF JACKIE MATHENY Sued in His ) | |
| Individual and Official Capacities; ) | |
| ) | |
|    *Defendant.* ) | |

## **MEMORANDUM**

John Roller ("Plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Sheriff Jackie Matheny, claiming the Sheriff and other unidentified law enforcement, "executed a lawfully [sic] search warrant at plaintiff's home on about October 2007, seizing a host of personal property, . . ." and subsequently caused the forfeiture of his property without written notice to him (Court File No. 2, p. 3). Thus, as the Court discerns Plaintiff's complaint, he is contending his procedural due process rights were violated when his property was forfeited without notice.

After the Court completed its final draft of the memorandum *sua sponte* dismissing this case, Defendant filed a pleading which he has entitled as a motion for summary judgment but in the body of the pleading states he filed it pursuant to Rule 12 and Rule 56 of the Federal Rules of Civil Procedure (Court File No. 10). Defendant relies on a pleading file by Plaintiff in his federal criminal case on July 18, 2011, which reflects Plaintiff alleged he was unlawfully deprivation of his property in October of 2007. Defendant, using July 18, 2011, as the date the one year statute of limitations commenced, contends Plaintiff's complaint should be dismissed as it was filed after the expiration

of the statute of limitations. Because Defendant has not conclusively demonstrated the complaint is time-barred and the Court *sua sponte* previously determined the complaint should be dismissed on other grounds, Defendants motion will be **DENIED** as **MOOT** (Court File No. 10).

For the reasons set forth herein, this complaint will be **DISMISSED** *sua sponte* in its entirety for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983(Court File No. 2). 28 U.S.C. §§ 1915(e) and 1915A.

## I.    SCREENING OF COMPLAINT

### A.    Title 28 U.S.C. §§ 1915A and 1915(e)(2)

Title 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) provides for the dismissal of a prisoner's complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Guided by the analogous cases dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the Court will determine whether the complaint should be dismissed because, even if everything alleged in the compliant is assumed to be true and accurate, Plaintiff is not entitled to relief as a matter of law. *Cf. Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993); *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987).

### B.    *Pro Se* Pleadings Liberally Construed

The law is well established that this Court is required to liberally construe *pro se* complaints to allow the development of a potentially meritorious case. *Erickson v. Pardus,* 551 U.S. 89 (2007); *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In addition, when evaluating a *pro se* compliant, the plaintiff's allegations are presumed to be true. *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996)*, cert. denied,* 520 U.S. 1251 (1997). The mandated liberal

construction requires a court to permit a complaint to proceed if it can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Nonetheless, the requirement of liberal construction does not translate to ignoring a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Department of Social Services for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). The liberal construction has boundaries as *pro se* plaintiffs are required to comply with substantive law and the minimum requirements for pleading a civil complaint under Rule 8(a) of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). In other words, the Court is not required to conjure up factual allegations and claims on Plaintiff's behalf which he failed to plead in his complaint. *Id.* at 714. Therefore, the relaxed *pro se* pleading requirement does not automatically entitle *pro se* plaintiffs to take every case to trial. *Id.; Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

    **C.**    **Failure to State a Claim**

The Court is required to dismiss a prisoner's complaint if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii). The Court construes the complaint in the light most favorable to the Plaintiff and accepts all well-pleaded allegations of fact in the complaint as being true. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a factual allegation is capable of more than one reasonable inference, it must be construed in Plaintiff's favor. *Saglioccolo v. Eagle Ins. Co.,* 112 F.3d 226, 228 (6th Cir. 1997). The Court may not dismiss a complaint merely because the Court does not believe the allegations of fact set forth in the complaint. *In re Sofamor Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir. 1997).

3

The Court is not required to accept as true mere legal conclusions and unwarranted inferences of fact. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). The complaint must do more than recite bare assertions of legal conclusions without supporting allegations of material facts. *Evans v. Pearson Enterprises Inc.,* 434 F.3d 839, 847 (6th Cir. 2006). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 2009 WL 723132, *4 (6th Cir. March 18, 2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (complaint must contain more than statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action).

Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability require,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (Internal citations omitted).

## II. FACTS

Although Plaintiff's complaint is short on facts and confusingly pled, according to his complaint, a lawful search warrant was executed at his residence in October 2007 by Defendant and other unknown law enforcement officers. During the search Defendant seized some unidentified personal property and subsequently forfeited the property without written notice.

Plaintiff alleges the search warrant was lawful but in his request for relief he asks the Court to "[v]acate [the] defective search warrant and any and all charges imposed as a result of the search

4

warrant[,]" return all property to him, expunge all charges, and lodge an investigation against Warren County.¹ (Court File No. 2).²

## III. ANALYSIS - 42 U.S.C. § 1983 CLAIM

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) *cert. denied*, 502 U.S. 1032 (1992).

---

¹ Plaintiff's requested relief is barred by the favorable termination rule under *Heck v. Humphrey*, 512 U.S. 477 (1994) which requires a prisoner to demonstrate a favorable termination of his underlying conviction before recovering from an allegedly unconstitutional conviction or imprisonment.

² In his complaint, Plaintiff seemingly charges Defendant along with unidentified law enforcement officials of illegally conspiring in violation of 18 U.S.C. §§ 241, 242, and 245 to deprive him of his civil rights as guaranteed by the United States Constitution(Court File No. 2, p. 2). However, these are criminal statutes and they do not provide a basis for civil liability. To the extent Plaintiff is attempting to raise a claim under these criminal statutes, the 18 U.S.C. §§ 241 and 242, and 245 claims will be **DISMISSED** as only United States' prosecutors can bring a complaint under these statutes. *Schmidt v. National City Corp.*, 2008 WL 5248706 (E.D.Tenn. March 4, 2008) ("[O]nly the United States can prosecute a claim pursuant to [18 U.S.C. §§ 241 and 242]."); *Cok v. Cosentino*, 876 F.2d 1 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242(the criminal analogue of 42 U.S.C. § 1983); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Willing v. Lake Orion Community Schools Bd. Of Trustees*, 924 F.Supp. 815, 818 (E.D. Mich. 1996); *Banner v. Mashburn*, 819 F.2d 289 (6th Cir. June 1, 1987), *available at* 1987 WL 37566. Similarly, 18 U.S.C. § 2236 is a federal criminal statute which does not provide for a private civil cause of action. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding private citizens cannot compel enforcement of criminal law.. Moreover, this criminal statute applies to officers, agents, and employees of the United States; Defendant is a county employee. To the extent Plaintiff is attempting to bring a claim under 18 U.S.C. § 2236, it will be **DISMISSED**.

Although Plaintiff's complaint lacks factual support, as the Court discerns it, he brings his § 1983 action claiming a violation of procedural due process. Plaintiff claims his unidentified property was seized and forfeited in violation of his due process rights. Although it appears Plaintiff filed his § 1983 complaint after the expiration of the one year statute of limitations, the Court is unable to conclusively determine, from Plaintiff's submissions in this case, when his due process claim accrued and his one-year statute of limitations commenced to run because he failed to state when he received notice the property had been forfeited. Nevertheless, for the reasons explained below, Plaintiff's claim under 42 U.S.C. § 1983 that his property was seized and forfeited in violation of his due process rights will be dismissed on other grounds

Plaintiff claims he was deprived of property without due process. In procedural due process claims, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986) ("[W]e ...overrule *Parratt* to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment"). "[U]nauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful [state] postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Therefore, in order to state a procedural due process claim under § 1983, "'the plaintiff must attack the state's corrective procedure as well as the substantive wrong.'" *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983), *cert. denied*, 469 U.S.

6

834 (1984)). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress due process violations." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004).

Plaintiff has failed to state a deprivation of due process claim because he has not alleged the inadequacy of state post-deprivation remedies. In his complaint, Plaintiff seemingly attacks the Defendant's failure to serve or alert him of the notice of seizure and forfeiture, but he has not attacked the process of judicial review for the correction of errors by administrative agencies. Plaintiff has failed to state a deprivation of due process claim because he has not alleged the inadequacy of state post-deprivation remedies. Specifically, Plaintiff does not allege the process of judicial review for the correction of such errors is inadequate. In fact, Tennessee law provides a means by which individuals may challenge the orders of administrative agencies. The procedure and standards of review are set forth in the Uniform Administrative Procedures Act, codified at Tenn.Code Ann. § 4–5–322.

The Uniform Administrative Procedures Act provides "[a] person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review." Tenn.Code Ann. § 4–5–322(a) (1). This section specifies that review proceedings "are instituted by filing a petition for review in the chancery court" within sixty days after entry of the agency's final order." The Uniform Administrative Procedures Act provides for judicial review of an administrative agency's decision pursuant to the following standard:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the authority; (3) Made upon unlawful

7

procedure; (4) Arbitrary or capricious ... or (5) Unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn.Code Ann. § 4–5–322(h).

Plaintiff had the right to seek judicial review of the agency's forfeiture order and to raise constitutional challenges in the chancery court on appeal. Clearly, Tennessee courts do entertain constitutional challenges, such as the one Plaintiff raises, in appeals governed by Tenn.Code Ann. § 4–5–322. *See, e.g., Toyota Motor Credit Corp. v. State Dept. of Safety*, 2003 WL 22519810, at *3 (Tenn.Ct.App. Nov.7, 2003) (reviewing Department's forfeiture order under Tenn.Code Ann. § 4–5–322 and concluding that under the circumstances, Department's notice procedure violated federal due process); *Redd v. Tennessee Dept of Safety*, 895 S.W.2d 322, 334–35 (Tenn.1995) (reviewing lower courts' disposition of petitioner's appeal from order of forfeiture and concluding there were violations of federal due process when the department failed to provide adequate notice).

As set forth above, Plaintiff "may not seek relief under [s]ection 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [the] due process violations." *Jefferson v. Jefferson County Pub. Sch. Sys.*., 360 F.3d 583, 587–88 (6th Cir.2004). "Although one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as an element of that claim that state procedural remedies are inadequate." *Marino v. Ameruso*, 837 F.2d 45, 47 (2nd Cir.1988). Plaintiff has made no such showing, and his failure to do so is fatal to his action. Since there is a clear procedure for judicial review of administrative orders under Tennessee law, but Plaintiff has failed to allege or prove the inadequacy of this "postdeprivation remedy," *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), he may not seek relief before this Court under 42 U.S.C. § 1983.

Accordingly, Plaintiff's due process claim will be **DISMISSED** for failure to state a claim upon which relief may be granted, i.e., failure to state a deprivation of due process claim because he has not alleged the inadequacy of state post-deprivation remedies. 28 U.S.C. §§ 1915(e) and 1915A.

## IV. CONCLUSION

For the reasons explained above, Plaintiff's complaint will be **DISMISSED WITH PREJUDICE** *sua sponte* as frivolous and for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. §§ 1915(e) and § 1915A.(Court File No. 2). Defendant's motion for summary judgment will be **DENIED as MOOT** (Court File No. 10).

An appropriate order will enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**